I PLOTKIN, J.,
DISSENTING WITH REASONS:
In case 379-913 “A,” the defendant-appellant was indicted for the offenses of (1) distribution of cocaine and (2) possession *177 with • intent to distribute cocaine (“PWITD”) for acts occurring on August 24, 1995. On July 13, 1998, she pled guilty “as charged,” according to the minute entry. However, on July 15th, she was indicted for distribution of cocaine, which act was also said to occur on August 24, 1995. This is case 399-867 “J”, the subject of the instant appeal.
The issue is whether defendant pled guilty to both the PWITD and distribution counts in the “A” case or only to the PWITD count, in which case there is no double jeopardy problem. The State contends that she pled guilty only to the PWITD count because (a) the “as charged” language of the minute entry is vague; (b) the waiver of rights form in the “A” case, completed by the defendant, only mentions PWITD; and (c) the trial court only imposed one sentence.
What the State and the majority opinion overlook, however, is the fact that the sentencing sheet that the trial court completed in the “A” case refers to a charge of “40:967(B)(1) x 2”. (Emphasis added.) That statute covers both distribution and PWITD. The “x 2” note indicates that the trial court believed that defendant was pleading to both PWITD and distribution and imposed one sentence to cover |aboth offenses. The minute entry could be read to support this conclusion. In fact, it seems easier to read the minute entry “as charged” in the “A” case to mean that defendant pled guilty to both charges, as opposed to reading it “as charged only to the count of PWITD.” As for the waiver of rights form, it should be given lesser weight because it was completed by the defendant, who has no legal training and may have failed to complete it fully. The important fact, though, is that the trial court in the “A” case believed defendant was pleading to both counts and sentenced her on both counts.
Accordingly, I believe there is a double jeopardy problem and would reverse the trial court’s denial of defendant’s motion to quash. I respectfully dissent.